UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---------------------------------------------------------

ORA K. EATMON, d/b/a/ ORA K  :
BEAUTY PRODUCTS LLC,         :       CASE NO. 1:18-CV-2791
                             :
    Plaintiff,                :
                             :
vs.                          :       OPINION & ORDER
                             :       [Resolving Doc. 8]
RNA CORPORATION,             :
                             :
    Defendant.                :
                             :

---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this contract dispute, Defendant moves to transfer venue to the United States District Court for the Northern District of Illinois.[1] For the reasons stated below, the Court **DENIES** Defendant's motion.

## I.    Background

Plaintiff Ora K. Eatmon owns and operates Ora K Beauty Products, a beauty supply business located in Richland County, Ohio. Defendant RNA Corporation is a private-label household and personal care products manufacturer whose principal place of business is Illinois.

Plaintiff began making and selling beauty products in 2014. Facing growing demand, she contacted Defendant RNA in February 2017 about a potential contract with RNA to expand production.[2] The parties agreed that RNA would manufacture certain products for Plaintiff. Plaintiff sent product samples to Defendant in April 2017.[3]

---

[1] Doc. 8. Plaintiff opposes. Doc. 19.
[2] Doc. 18 at 5.
[3] *Id.*

According to Plaintiff, RNA assured her that the company could fulfill her order in four to six weeks. Plaintiff alleges that she sent RNA a 50% deposit for her order on October 17, 2017.[4]

A series of delays ensued. Plaintiff alleges that she contacted Defendant on February 27, 2018 and asked to terminate the contract.[5] She alleges that despite promises in early March to return her deposit, RNA instead sent her several damaged boxes of product samples the next month.[6] Plaintiff was dissatisfied with the product quality. Thus, she traveled to Chicago Illinois on April 23, 2018 to demand a refund.[7] Defendant refused.

Plaintiff, proceeding *pro se*, then sued in the Richland County Court of Common Pleas.[8] Defendant removed the action to federal court on diversity jurisdiction.[9] Plaintiff, now represented by counsel, filed an amended complaint alleging Ohio-law causes of action for breach of contract, fraud, unjust enrichment, breach of express warranty, breach of implied warranty, and tortious interference with business relations.[10]

## II. Discussion

Defendant now moves to transfer the action to the Northern District of Illinois under 28 U.S.C. § 1404(a), that provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"[11] The Court considers "the private interests

---

[4] *Id.* at 6.
[5] *Id.* at 9.
[6] *Id.*
[7] *Id.* at 11.
[8] *See* Doc. 1-1.
[9] Doc. 1.
[10] Doc. 18.
[11] 28 U.S.C. § 1404(a). The parties do not dispute that Plaintiff could have brought the action in the Northern District of Illinois.

Case No. 1:18-cv-2791
Gwin, J.

of the parties, including their convenience and the convenience of potential witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"[12] The movant bears the burden of showing that the transferee forum is more convenient for the parties.

### A. Party Interests

Plaintiff has a strong interest in litigating this case in the forum of her choice, and this factor is traditionally accorded the most weight.[13]

Defendants argue that Plaintiff's choice of forum should be accorded little weight because this case comes on removal from state court.[14] It is true that Plaintiff did not choose this federal forum.[15] But she did choose Ohio. The Court finds that Plaintiff's interest in the geographic forum of her choice still deserves significant deference.[16]

Defendant states that the Northern District of Ohio is an inconvenient forum because six RNA employees may have to travel from Chicago to Cleveland to testify. Conversely, Plaintiff states that litigating this case in Chicago will greatly inconvenience her because she is a small businesswoman with limited resources.

---

[12] *Cherokee Exp. Co. v. Chrysler Int'l Corp.*, 142 F.3d 432 (6th Cir. 1998) (table).
[13] *See Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir.2009) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *W. Am. Ins. Co. v. Potts*, 908 F.2d 974 (6th Cir. 1990) (table) ("Foremost consideration must be given to the plaintiff's choice of forum.").
[14] *See Silver Knight Sales & Mktg., Ltd. v. Globex Intern., Inc.*, No. 2:06-cv-123, 2006 WL 3230770 at *4 (S.D. Ohio Nov 6, 2006) ("Although the plaintiff's choice of forum is typically afforded significant weight, courts afford it less weight if an action has been removed to federal court.").
[15] *Sky Techs. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 292 (S.D. Ohio 2000) ("[A] plaintiff's choice of forum is entitled to somewhat less weight when the case is removed to federal court because the plaintiff is no longer in his or her chosen forum, which was state court.").
[16] *See Oien v. Thompson*, 824 F. Supp. 2d 898, 906 (D. Minn. 2010) (declining to give the plaintiff's choice of forum less weight after removal because "the § 1404(a) analysis . . . involves primarily an examination of convenience factors based on geography.").

Case No. 1:18-cv-2791
Gwin, J.

The Court finds that either forum is equally inconvenient to the other party.[17] Either Defendant will be inconvenienced by traveling to Cleveland, or Plaintiff will be inconvenienced by traveling to Chicago. Transfer would simply shift the burden from one party to the other.[18]

On balance, the Court finds that this factor favors the Plaintiff.

B.      Witness Convenience

Defendant anticipates calling six employee witnesses to testify about contract negotiations and the manufacture of Plaintiff's products. All these witnesses reside in northern Illinois and would presumably be inconvenienced by traveling to Cleveland.[19]

Plaintiff anticipates calling three witnesses who were present during contract negotiations, all of whom reside in northern Ohio. Plaintiff also states that she may call two individuals from California and New Jersey to testify regarding damages.[20]

The Court finds that this factor slightly favors Defendant.

C.      Other Factors

The Court also considers where relevant evidence is located.[21] Defendants state that the disputed beauty products that were the subject of the contract are located at an RNA

---

[17] Although Defendant will need to send more people, it also has more resources.
[18] See *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."); *Apex Sales Agency v. Phoenix Sintered Metals, Inc.*, No. 1:06-CV-01203, 2006 WL 3022987, at *2 (N.D. Ohio Oct. 23, 2006) ("When transferring a case would only serve to shift the burden of inconvenience from one party to the other, transfer is not appropriate.").
[19] See Doc. 8-1 at 2-3.
[20] See Doc. 19-1 at 2-3.
[21] *Cherokee*, 142 F.3d at 432 (listing "the relative ease of access to sources of proof" as one factor in the convenience analysis).

-4-

Case No. 1:18-cv-2791
Gwin, J.

facility in Illinois.[22] Plaintiff, on the other hand, states that company books and records and the allegedly damaged sample items, are Ohio located.[23] This factor favors neither party.

Defendant argues that transfer would serve the interests of justice because the Northern District of Illinois is, on average, speedier than the Northern District of Ohio.[24] It is hard to believe that any district moves cases much quicker than Ohio. And RNA itself suggests only minimal average disposition times. However, the Court anticipates that the parties will get a swift and just resolution of their controversy here. This factor favors neither party.

In sum, the Court finds that the balance of factors weighs against transfer.

### III. Conclusion

For the reasons stated above, the Court **DENIES** Defendant's motion to transfer.

IT IS SO ORDERED.

Dated: January 31, 2019   *s/  James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[22] *See* Doc. 8-1 at 2-3.
[23] *See* Doc. 19 at 10 n. 2 (noting that the median time between filing and disposition is 7.6 months in the Northern District of Illinois and 9.3 months in the Northern District of Ohio).
[24] Doc. 8 at 10.